UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATHANIEL D. MILLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-118 RM |
| | ) | |
| CHARLES G. HART, Jail Commander, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Nathaniel Miller, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was housed at the Allen County Jail. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived his of a federal right [and] . . . he must allege that the person who has deprived his of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive

and intent be pleaded generally.

Alvarado v. Litschis, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Miller brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state

law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Miller alleges that he "was denied medical attention from July 17th 2007 until October 10th 2007." (Complaint at p. 3). He says he alerted unnamed jail staff members in July that he had an impacted, decayed and infected lower molar and that because he wasn't timely seen and treated for this problem he "experienced several months of excruciating pain without any pain medication." (Complaint at p. 3). Finally, according to the complaint, on October 10, 2007, a doctor saw him and prescribed antibiotics for his infection. Mr. Smith alleges that "these actions of neglect violated my Eighth Amendment Rights, as well as my Fourteenth Amendment Rights." (Complaint at p. 3).

Mr. Miller seeks damages for conditions of confinement he endured at the Allen County Jail while confined there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." <u>Gil v. Reed</u>, 381 F.3d 649, 664 (7th Cir. 2004).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" <u>Nance v. Vieregge</u>, 147 F.3d 589, 590 (7th Cir. 1998), quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). Leaving a prisoner without any pain medication, causing him to experience several months of excruciating pain resulting from an impacted, decayed and infected lower molar states a claim of deliberate indifference upon which relief can be granted. Giving Mr. Miller the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Fourteenth Amendment claim.

Mr. Miller seeks only damages on this claim against one defendant — the jail commander. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct

responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

As jail commander, Mr. Hart presumptively was not involved in Mr. Miller's medical treatment at the jail. *See* Duncan v. Duckworth, 644 F.2d 653, 656 (7th Cir. 1981). (prison superintendent not personally involved in day-to-day operation of the institutional hospital, and not responsible for treatment decisions). Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

But even if Mr. Hart was not personally involved in Mr. Smith's treatment, prisoners may name senior prison or jail officials for the purposed of identifying lower ranking officials whose names the inmate plaintiff may not know. Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996); Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).

5

Accordingly, the court will allow Mr. Miller to proceed against Jail Commander Hart. If he wishes to name other defendants, Mr. Miller may seek to identify these officials through discovery. If the Jail Commander had no personal involvement in Mr. Miller's medical treatment or knowledge of his problems, he may move for summary judgment based on lack of personal involvement or, if the facility has a grievance procedure, he may move for summary judgment pursuant to 42 U.S.C. § 1997e(a).[1]

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed on his Fourteenth Amendment damage claim that jail officials were deliberately indifferent to his serious medical needs;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon him, the defendant is to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the Marshals service to effect service of process on Charles Hart, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint

SO ORDERED.

ENTERED: September  2 , 2008

　　　　　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　Chief Judge

---

[1] In his complaint, Mr. Miller states that the jail doesn't have a grievance system that would have allowed him to file a grievance about the things he is suing about. The court must accept this statement as true for the purpose of screening this complaint pursuant to 28 U.S.C. § 1915A.

United States District Court

7